07-4214-cv
U.S. Information v. Local No. 3

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of February, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> > Circuit Judges,
> JED S. RAKOFF,[*]
> > District Judge.

---------------------------------------

U.S. INFORMATION SYSTEMS, INC.,
ODYSSEY GROUP INC., and BLUE DIAMOND
FIBER OPTIC NETWORKS, INC.,
> Plaintiffs-Counter-
> Defendants-Appellants,                No. 07-4214-cv

- v -

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION
NUMBER 3, ADCO ELECTRICAL
CORPORATION, FIVE STAR ELECTRIC
CORPORATION, NEAD INFORMATION
SYSTEMS, and HUGH O'KANE ELECTRIC
COMPANY LLC,
> Defendants-Appellees,

A & R ELECTRICAL, MAINTENANCE, INC.,

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOREST ELECTRIC CORPORATION, and IPC COMMUNICATIONS, INC.,

                    Defendants,

A R COMMUNICATIONS CONTRACTORS INC.,

          Counter-Claimant-Appellee.

----------------------------------------

Appearing for Appellants:          Maxwell M. Blecher (John E. Andrews, on the brief, Laura G. Weiss, Pearl River, NY, on the brief), Blecher & Collins, P.C., Los Angeles, CA.

Appearing for International Brotherhood of Electrical Workers Local Union Number 3:          Barry J. Brett (Stephen F. Harmon, Daniel N. Anziska, on the brief), Troutman Sanders LLP, New York, NY.

Appearing for ADCO Electrical Corporation and Five Star Electric Corporation:          Kevin J. Toner (Richard S. Goldstein, Gina M. Parlovecchio, on the brief), Heller Ehrman LLP, New York, NY.

Appearing for Nead Information Systems:          Richard H. Dolan (Jeffrey M. Eilender, on the brief), Schlam Stone & Dolan LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard M. Berman, Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiffs-Counter-Defendants-Appellants U.S. Information Systems, Inc., Odyssey Group Inc., and Blue Diamond Fiber Optic Networks, Inc. appeal from the order and judgment of the United States District Court for the Southern District of New York adopting the Report and Recommendation of United States Magistrate Judge James C. Francis IV and granting summary judgment to defendants-appellees International Brotherhood of Electrical Workers Local Union Number 3 ("Local 3") and various contractors who employ Local 3 workers on the appellants' claim

2

under section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, and dismissing the appellants' related state law claims without prejudice.

On appeal, the appellants argue that the district court erred by (1) applying an incorrect summary judgment standard, (2) ignoring testimony of the appellants' expert, (3) improperly drawing inferences in favor of the appellees, and (4) failing to consider certain evidence the appellants submitted. We assume the parties' familiarity with the factual and procedural history of the case.

"We review de novo a district court's grant of summary judgment." Coan v. Kaufman, 457 F.3d 250, 254 (2d Cir. 2006). "[C]onstruing the evidence in the light most favorable to the nonmoving party," Mitchell v. Shane, 350 F.3d 39, 47 (2d Cir. 2003), we may affirm only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

Here, the district court articulated the correct summary judgment standard when it said that "'[t]o survive a motion for summary judgment . . . , a plaintiff seeking damages for a violation of § 1 [of the Sherman Act] must present evidence "that tends to exclude the possibility" that the alleged conspirators acted independently.'" U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3, No. 00 Civ. 4763 (RMB)(JCF), 2007 WL 2746902, at *2, 2007 U.S. Dist. LEXIS 69760, at *8 (S.D.N.Y. Sept. 18, 2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986)) (alterations in U.S. Info. Sys.). The appellants argue that the Supreme Court altered this standard in Eastman Kodak Co. v. Image Technical Services, 504 U.S. 451 (1992), by stating that "Matsushita demands only that the nonmoving party's inferences be reasonable in order to reach the jury," id. at 468. We disagree. This language explains the Matsushita standard. It does not alter it. This view is supported by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), where the Supreme Court cited Matsushita for the proposition that "at the summary judgment stage a [Sherman Act] § 1 plaintiff's offer of conspiracy evidence must tend to rule out the possibility that the defendants were acting independently," id. at 554.

Here, the district court properly granted summary judgment to the appellees after concluding that "it is equally plausible that [the non-Local 3 appellees] acted in their own self-interest

independent of Local 3 and of one another." <u>U.S. Info. Sys.,</u> <u>Inc.,</u> 2007 WL 2746902, at *2, 2007 U.S. Dist. LEXIS 69760, at *8 (internal quotation marks omitted).

We conclude that the appellants' other arguments are without merit. The district court considered and rejected the views of the appellants' expert. And we find no instances in which the district court drew inferences in favor of the appellees or ignored evidence that would merit the denial of summary judgment to them under the <u>Matsushita</u> standard.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of the Court